# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
June 11, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DANNY P. SUTPHIN,**
**Claimant Below, Petitioner**

**vs.)   No. 13-0143**  (BOR Appeal No. 2047309)
(Claim No. 2002035805)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**PANTHER BRANCH COAL COMPANY,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Danny P. Sutphin, by Wendle Cook, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Jon Snyder, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 18, 2013, in which the Board affirmed a May 22, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 26, 2011, decisions denying two separate requests for medical treatment. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Sutphin injured his lumbar spine in the course of his employment on November 19, 2001, and the claim was held compensable for lumbago, lumbar sprain, post-laminectomy syndrome, and displaced lumbar disc. On January 24, 2011, Frederick Armbrust, M.D., requested authorization for a lumbar spine MRI. On March 14, 2011, Dr. Armbrust requested authorization for an L2-3 laminectomy and excision of the herniated disc. The claims administrator denied both requests pursuant to West Virginia Code § 23-4-16 (a)(4) (2005). In its Order affirming the claims administrator's decision, the Office of Judges held that Dr. Armbrust's requests for medical treatment are time-barred pursuant to West Virginia Code § 23-4-16 (a)(4).

West Virginia Code § 23-4-16 (a)(4) states that requests for medical services shall not be granted unless the requests are made within five years of the date on which authorized medical services were last received. The Office of Judges found that the evidence of record establishes that the last date of authorized medical treatment in the instant claim was August 25, 2004, and noted that the January 24, 2011, and March 14, 2011, treatment requests from Dr. Armbrust are well outside the five-year limitation contained in West Virginia Code § 23-4-16 (a)(4). The Office of Judges therefore concluded that because Dr. Armbrust's requests were not submitted within five years of the date of the last authorized medical treatment, they are time-barred pursuant to West Virginia Code § 23-4-16 (a)(4). The Board of Review reached the same reasoned conclusions in its decision of January 18, 2013. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  June 11, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

2